IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelle M. Erkson, | ) | C/A No. 6:04-21883-JFA-WMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner, | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

This is an action brought by the plaintiff, Michelle Erkson, pursuant to Sections 42 U.S.C. §§ 205(g) and 1631(c)(3) the Social Security Act, as amended 42 U.S.C. § 405(g), to obtain

1

judicial review of the "final decision" of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act.

The plaintiff first applied for DIB and/or SSI in March 1994, November 1995, and April 1996, all of which were denied initially. The plaintiff's current applications for DIB and SSI were filed on December 20, 2001 and April 23, 2002 alleging a disability onset day of March 29, 2001. Her claims were denied initially and upon reconsideration. The plaintiff was granted a hearing before an administrative law judge (ALJ) and the ALJ issued a decision on April 19, 2004, denying plaintiff's claims and making the following findings:

(1)  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(l) of the Social Security Act and is insured for benefits through the date of this decision.

(2)  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

(3)  The claimant's congenital amputation of left forearm below elbow joint, status post fracture of right humerus, obesity, and substance abuse disorder are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).

(4)  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

(5)  The claimants allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

(6)  I find the claimant retains the following residual functional capacity: she can use her left arm for assistance, bending the arm at the elbow; lift and carry 35 to 40 pounds; sit, stand, and walk six hours each or eight hours in combination; and perform no climbing of ladders, ropes or scaffolds or crawling.

(7) The claimant's past relevant work as a cashier (fast food) did not require the performance of work-related activities precluded by her residual functional capacity. (20 CFR §§ 404.1565 and 416.965).

(8) The claimant's medically determinable congenital amputation of left forearm below elbow joint, status post fracture of right humerus, obesity, and substance abuse disorder do not prevent the claimant from performing her past relevant work.

(9) The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(e) and 416.920(e)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review

contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The plaintiff was 33 years old at the time of her alleged onset of disability date which was March 29, 2001. She was 36 years old at the time of the ALJ's decision. She has two years of college education and has prior work experience as a cashier and dietary aide.

The United States Magistrate Judge to whom this matter was referred has filed a comprehensive Report and Recommendation suggesting that the Commissioner's decision be reversed under Sentence Four of 42 U.S.C. §§ 405(g) and remanded to the ALJ for further proceedings. Specifically, the Magistrate Judge opines that the ALJ does not explain her analysis regarding the contribution of plaintiff's substance abuse to the determination of disability. Therefore, the Magistrate Judge concludes that it is impossible for the court to determine whether appropriate legal principles have been followed. He suggests that the ALJ should articulate her analysis of the evidence with regard to her finding that, excluding substance abuse, the plaintiff does not have severe emotional impairments.

The parties were advised of their right to file specific written objections to the Report and Recommendation, which was entered August 8, 2005. As of the date of this order, neither party has submitted objections to the Report.

After a careful review of the record, this court finds the Magistrate's Report provides an

accurate summary of the facts in the instant case and the findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to Sentence Four of 42 U.S.C. §§ 405(g) with a remand of the cause to the Commissioner for further proceedings as discussed above.

    IT IS SO ORDERED.

|  |  |
|---|---|
| August 26, 2005<br>Columbia, South Carolina | /s/ Joseph F. Anderson, Jr.<br>United States District Judge |